OPINION of the Court, by
Ch. J. Boyce.-
— This was an action by petition and summons, brought by the appellee against the appellants as executors of James F, ~ loore, upon a note given by their testator, for the sum if £. 50 current money. The appellants demurred, id judgment being given for the appellee upon the de-lurrer, they have brought the cause to this court by i appeal.
It is objected, 1st, that the remedy by petition and summons, will not lie against executors upon a note given by their testator ; and 2dly, that it will not lie for a sum of money in pounds.
The first objection was decided to be untenable at the last term of this court, in the case of Moore’s executors against Gwathney, and need not now be particularly considered.
*444 In support of the second objection it is contended that congress has the exclusive power of coining money and regulating its value ; that a pound is not coin of the United Spates, and that a debt expressed tobe payable in pounds, can be sued for only as foreign coin, by averring its value in the coin of the United States. It is therelore concluded, as such an averment cannot be made in the petition, that it will not lie for a debt due or payable in pounds. The fallacy of this argument will readily be perceived by adverting to the distinction between the power of coining money, and the right of prescribing the language that shall be used as expressive of any given quantity of that money. While We acknowledge the exclusive power of congress to coin money and regulate its value, we cannot admit that there is any thing in the constitution or laws of the United States, which inhibits the States respectively from prescribing the language that shall be used in their courts to express any given quantity of the current coin of the United States. It is true that a pound is not a coin of the United States, and it is equally true that it never was a coin of England, or of Virginia, or of this state ; yet the term has always been used inju-dicial procedings as significant of a certain quantity of the current coin. Were the legislature of this state, by an «press statutory provision, to declare that the term pound should be used in judicial procedings, as expressive of three dollars and a third, no one could reasonably doubt of their power to do so, or of the validity of their act; and most assuredly the immemorial use of the term in the courts of the country, is as sufficient to fix its meaning and give it a sanction, as a positive act of the legislature would be.
The judgment must be affirmed, &c.